UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

In Re:

SOUTH EDGE, LLC,

    Debtor.

_____

C & S COMPANY, INC.,

    Appellant,

v.

CYNTHIA NELSON, Chapter 11 Trustee of the Estate of SOUTH EDGE, LLC,

    Appellee.

_____

2:11-CV-1607-LRH-VCF

ORDER

      Before the court is appellant C & S Company, Inc.'s ("C&S") appeal from an order of the United States Bankruptcy Court resolving an objection to a proof of claim. Doc. #19.[1] Cynthia Nelson ("Nelson"), the Chapter 11 Trustee of the Estate for debtor South Edge, LLC ("South Edge"), filed an answering brief to C&S's appeal. Doc. #21.

///

---

[1] Refers to the court's docketing number.

## I. Facts and Background

Debtor South Edge was the developer of a master planned community in Henderson, Nevada, called *Inspirada*. In 2006, South Edge contracted with appellant C&S for work on a sewer project relating to the *Inspirada* development.

After a series of nonpayments, C&S filed a demand for arbitration under the subcontractor agreement against South Edge and its bonding insurance agency, Bond Safeguard Insurance Company ("Bond Safeguard"). Merchants Bonding Company ("Merchants"), C&S's own bonding agency, intervened in the arbitration.

The arbitration commenced before a three-judge panel on June 7, 2010. On September 23, 2010, the panel issued an interim award in favor of C&S and Merchants for $2,746,036.50. The arbitration panel also set a post-interim award hearing to address all remaining issues including attorney's fees, costs, expenses and interest.

On December 9, 2010, several large creditors filed an involuntary Chapter 11 petition against South Edge. The filing of the involuntary petition stayed the arbitration. After the involuntary petition was accepted, appellee Nelson was appointed as the Chapter 11 trustee.

On April 12, 2011, C&S, Merchants, and Nelson entered into a stipulation for relief of the automatic stay to allow C&S and Merchants to continue the arbitration and receive a final arbitration award. The pertinent stipulation language provides:

> That, notwithstanding the termination and annulment of the automatic stay as set forth in Paragraphs 1 and 2 above, neither C&S nor Merchants shall exercise any right, remedy, or claim against the Debtor or any property of the Debtor's bankruptcy estate, but specifically excluding C&S and Merchants making claim against the Release Bond. EoR, Exhibit 55, ¶ 3.

The court approved the stipulation on April 19, 2011. EoR, Exhibit 57. After the stay was lifted, the arbitration panel issued a final arbitration award in favor of C&S and Merchants in the amount of $4,187,292.22.

On June 28, 2011, C&S filed a proof of claim in the Chapter 11 bankruptcy in the amount

of $4,310,503.34. On July 29, 2011, Nelson, as trustee, filed an objection to the proof of claim arguing that the approved stipulation precluded C&S from seeking and receiving any distribution or satisfaction of the final arbitration award from the bankruptcy estate. *See* EoR, Exhibit 59.

On August 31, 2011, the bankruptcy court held a hearing on the objection to the proof of claim. On September 16, 2011, the bankruptcy court issued an order holding that the claim would be allowed as a non-recourse claim so that C&S could pursue the bond issued by Bond Safeguard, but determined that, per the stipulation, C&S could not recover any deficiency from the estate. EoR, Exhibit 1. In reaching that conclusion, the bankruptcy court determined that the language of paragraph (3) was not ambiguous and was in line with the trustee's interpretation, namely that C&S had stipulated to only pursuing the bond. Thereafter, C&S filed the underlying appeal of the bankruptcy court's order sustaining Nelson's objection to the proof of claim. EoR, Exhibit 75.

**II.    Legal Standard**

    **A.  Bankruptcy Standard**

A bankruptcy court's resolution of an objection to a proof of claim is reviewed for abuse of discretion. *Bitters v. Networks Elec. Corp.*, 195 B.R. 92, 96 (9th Cir. BAP 1996). "An abuse of discretion occurs when no reasonable person could take the view adopted by the court." *Konop v. Hawaiian Airlines, Inc.*, 386 B.R. 251, 257 (D. Hawaii 2008).

In applying the abuse of discretion test, the reviewing court must first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009). If the bankruptcy court applied the wrong legal standard, it abused its discretion. *Id*. If the bankruptcy court identified the correct legal rule, the court must then determine whether the bankruptcy court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support. *Id*.

///

///

### B. Contract Interpretation

The starting point for the interpretation of any contract is the plain language of the contract. *McDaniel v. Sierra Health and Life Ins. Co., Inc.*, 53 P.3d 904 (Nev. 2002); *see also, Klamatch Water Users Protective Ass'n v. Patterson*, 20 F.3d 1206, 1210 (9th Cir. 1999) ("Whenever possible, the plain language of the contract should be considered first."). When a contract contains clear and unequivocal provisions, those provisions shall be construed to their usual and ordinary meaning. *Dickenson v. Nevada*, 877 P.2d 1059, 1061 (Nev. 1994). A contract term is ambiguous if it is "reasonably susceptible to more than one interpretation." *Shelton v. Shelton*, 78 P.3d 507, 510 (Nev. 2003).

### III. Discussion

In its appeal of the bankruptcy court's order, C&S argues that the bankruptcy court applied the wrong legal standing in sustaining the objections to its proof of claim. Specifically, C&S argues that the stipulation language is ambiguous on its face, and thus, the bankruptcy court erred in failing to take and consider evidence concerning the intent of the parties in drafting the stipulation.

The court has reviewed the documents and pleadings on file in this matter and finds that the bankruptcy court did not abuse its discretion in holding that the stipulation precluded C&S from seeking a claim against South Edge in the bankruptcy. The bankruptcy court determined that the stipulation language was not ambiguous or reasonably susceptible to multiple interpretations. This court agrees. The language of paragraph (3) is clear and precludes any right to go after the bankruptcy estate.

Because the stipulation language was not ambiguous, it was not an abuse of discretion for the bankruptcy court to decline to take evidence of the parties' intent in drafting the stipulation. Moreover, notwithstanding counsel's post-hoc assertions to the contrary, the evidence shows that the parties considered, and specifically rejected, language that would have allowed C&S to assert a deficiency claim against South Edge. Therefore, the court finds that the bankruptcy court did not

abuse its discretion in sustaining Nelson's objection to C&S's proof of claim. Accordingly, the court shall deny C&S's appeal and affirm the bankruptcy court's order.

IT IS THEREFORE ORDERED that appellant's bankruptcy appeal (Doc. #3) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE